**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF NEW YORK

Case number *(if known)* _____    Chapter    **11**

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Nordic Interior, Inc.** |

| | | |
|---|---|---|
| 2. | All other names debtor used in the last 8 years  Include any assumed names, trade names and *doing business as* names | |

| | | |
|---|---|---|
| 3. | Debtor's federal Employer Identification Number (EIN) | **11-2295519** |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **56-01 Maspeth Avenue**  **Maspeth, NY 11378** | |
| Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| **Queens** | Location of principal assets, if different from principal place of business |
| County | |
| | Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Nordic Interior, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.

_____

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

■ No.

☐ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | District | | When | | Case number | |

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

■ No

☐ Yes.

| | Debtor | | | Relationship | |
|---|---|---|---|---|---|
| | District | | When | Case number, if known | |

Debtor   **Nordic Interior, Inc.**
_____   Case number (*if known*) _____
Name

| | |
|---|---|
| **11.  Why is the case filed in this district?** | *Check all that apply:* |

☒  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12.  Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒  No
☐  Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐  It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☐  It needs to be physically secured or protected from the weather.

☐  It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐  Other _____

**Where is the property?** _____
                                           Number, Street, City, State & ZIP Code

**Is the property insured?**

☐  No
☐  Yes.   Insurance agency  _____
              Contact name     _____
              Phone              _____

---

███  **Statistical and administrative information**

**13.  Debtor's estimation of available funds**     .    *Check one:*

☒  Funds will be available for distribution to unsecured creditors.

☐  After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14.  Estimated number of creditors**

☒ 1-49          ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99         ☐ 5001-10,000          ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000        ☐ More than100,000
☐ 200-999

**15.  Estimated Assets**

☐ $0 - $50,000              ☒ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16.  Estimated liabilities**

☐ $0 - $50,000              ☒ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☐ $10,000,001 - $50  million      ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

---

| Debtor | **Nordic Interior, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     **July 18, 2016**
                MM / DD / YYYY

**X** **/s/ Helge Halvorsen**                              **Helge Halvorsen**
Signature of authorized representative of debtor           Printed name

Title     **President**

**18. Signature of attorney**

**X** **/s/ Sanford P. Rosen**                    Date  **July 18, 2016**
Signature of attorney for debtor                        MM / DD / YYYY

**Sanford P. Rosen**
Printed name

**Rosen & Associates, P.C.**
Firm name

**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**
Number, Street, City, State & ZIP Code

Contact phone  **(212) 223-1100**     Email address  **srosen@rosenpc.com**

**(SR-4966)**
Bar number and State

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

In re                                                    Chapter 11

Nordic Interior, Inc.,                                    Case No. 16-

                              Debtor.
----------------------------------------------------------x

## DECLARATION OF HELGE HALVORSEN
## PURSUANT TO RULE 1007-4 OF THE LOCAL BANKRUPTCY
## RULES FOR THE EASTERN DISTRICT OF NEW YORK

       Helge Halvorsen declares under penalty of perjury, pursuant to 28 U.S.C. § 1746,

that:

       1.     I am the President of Nordic Interior, Inc., the debtor and debtor in

possession (the "**Debtor**") in the above-captioned chapter 11 case, and am familiar with and

responsible for its day-to-day operations, business, and financial affairs.

       2.     I submit this Declaration pursuant to Rule 1007-4 of the Local Bankruptcy

Rules for the Eastern District of New York (the "**Local Rules**") to assist this Court and other

parties in interest in understanding the circumstances giving rise to the commencement of this

chapter 11 case.

       3.     Except as set forth below, all facts set forth in this Declaration are based

upon my personal knowledge and/or information provided to me concerning the operations and

financial affairs of the Debtor.  If called upon to testify, I would testify competently to the facts

set forth below.  I am authorized to submit this Declaration on behalf of the Debtor.

       4.     The Debtor, which maintains its offices and production facility at 56-01

Maspeth Avenue, Maspeth, NY 11378 (the "**Premises**"), is a New York corporation that is one

of the leading manufacturers and installers of high-end commercial architectural woodwork and

cabinetry for clients primarily on the East Coast.  The Debtor was founded in 1973 as a drywall

and small woodworking company and, today, is used by many of the most creative and

distinguished designers and contractors in the industry.

5.      The Debtor rents the Premises, which is approximately 32,000 square feet,

from A.J. Bohea Co., Inc. (the "**Landlord**").  The rent under the lease is approximately $28,000

per month and the Debtor owes the Landlord approximately $150,000 on account of rent arrears.

6.      Currently, the Debtor has approximately 50 employees, 35 of whom are

carpenters and project managers who are subject to a collective bargaining agreement with New

York City District Council of Carpenters (the "**Carpenters' Union**").  The Debtor also maintains

a highly skilled engineering department of approximately 8 non-union employees.

7.      The Debtor's principal assets consist of its accounts receivable generated

from its performance of services and machinery and equipment located in the Premises.  For the

six-month period ended June 30, 2016, the Debtor had net sales on a cash basis of approximately

$7.5 million and generated a net profit from operations of approximately $100,000.  As of June

30, 2016, its books and records reflect assets totaling approximately $3.5 million and liabilities

totaling approximately $5.0 million.

8.      The Debtor's business has suffered as a result of the slow recovery from

the recession, which has resulted in a reduced project workload and significant delays in the

collection of receivables, which, in turn, has caused the Debtor to fall into substantial arrears

with its principal creditors.

9.      The Debtor owes the Carpenters' Union approximately $750,000 on

account of past due employee benefit contributions and is a party to an agreement with the

Carpenters' Union, pursuant to which it has agreed to make monthly payments of $25,000 on

account of such indebtedness.  I and Lloyd Jacobsen, the Debtor's Secretary and Treasurer, executed a guaranty with respect thereto.

10.    Currently, the Debtor also owes the Internal Revenue Service ("**IRS**") approximately $1.2 million on account of past due payroll taxes, including interest and penalties. However, the IRS has filed tax liens in the amount of approximately $1.7 million.  Upon information and belief, the amount of the tax liens exceeded the Debtor's indebtedness at the time they were filed and, in any event, does not reflect monthly payments of $24,000 that the Debtor[1] has been making pursuant to its agreement with the IRS.  Moreover, the Debtor owes the IRS an additional $320,000 on account of more current payroll taxes.  Because the IRS's lien extends to the Debtor's accounts receivable, the Debtor will move shortly for authority to use the IRS' cash collateral.

11.    On May 25, 2016, the Landlord commenced an action in the Civil Court of the City of New York, County of Queens, Part 52 against the Debtor a seeking a judgment of eviction awarding the Landlord possession of the Premises and a money judgment.

12.    Thereafter, the Debtor and the Landlord entered into a stipulation, pursuant to which the Debtor agreed to pay the Landlord $12,000 per week for 44 weeks on account of rent and past due rent and consented to the entry of a final judgment of possession and a money judgment in the amount of $211,108.40.  The Debtor also consented to the issuance of a warrant of eviction, which is stayed conditioned on the Debtor fulfilling its payment obligations under the stipulation.

13.    Lastly, the Debtor is in arrears to New York State on account of current unpaid (a) unemployment tax in the amount of approximately $67,000, (b) sales tax in the

---

[1] Of the $24,000 monthly payment, Lloyd Jacobsen and I each contribute $1,000.

amount of approximately $108,000, and (c) withholding tax in the amount of approximately $45,000.

14.     The Debtor commenced its chapter 11 case to afford it a centralized forum to monetize its assets and afford it the opportunity to propose, confirm and consummate a plan of reorganization that will be in the best interests of its estate and all of its creditors.

### Information Required by Local Rule 1007-2

15.     Local Rule 1007-4 requires the Debtor to disclose certain information.  This information is outlined below and set forth in the schedules attached hereto.

16.     Pursuant to Local Rule 1007-4(a)(v), the Debtor is required to set forth the following information with respect to the holders of its twenty (20) largest unsecured claims, excluding claims of insiders: the creditor's name, address (including the number, street, apartment or suite number, and zip code, if not included in the post office address), and telephone number; the name(s) of persons(s) familiar with the Debtor's accounts, if any; the amount of the claim; and an indication of whether the claim is contingent, unliquidated, disputed, or partially secured.  Such information is set forth in Exhibit "A" attached hereto.

17.     Pursuant to Local Rule 1007-4(a)(vi), the Debtor is required to set forth the following information with respect to each of the holders of its five (5) largest secured claims: the name, the address (including the number, street, apartment or suite number, and zip code, if not included in the post office address); the amount of the claim; a brief description and an estimate of the value of the collateral securing the claim; and an indication of whether the claim or lien is disputed.  As discussed above, the Debtor's only secured creditor is the IRS, which, as of the commencement of the Debtor's chapter 11 case, has a secured claim in the

approximate amount of $1.7 million.  The Debtor estimates that the value of the IRS's collateral

is approximately $3.5 million.  The IRS's contact information is as follows:

Internal Revenue Service
2 Metrotech Center
100 Myrtle Avenue
6th Floor Insolvency
Brooklyn, NY 11201

18.      Pursuant to Local Rule 1007-4(a)(vii), the Debtor is required to set

forth a summary of its assets and liabilities.  A summary of the Debtor's assets and

liabilities is set forth above in paragraph 6.

19.      Pursuant to Local Rule 1007-4(a)(viii), the Debtor is required to disclose

whether any of the Debtor's securities are publicly held.  None of the Debtor's securities are

publicly held.

20.      Pursuant to Local Rule 1007-4(a)(ix), the Debtor is required to set forth

a list of all property in the possession or custody of any custodian, public officer, mortgagee,

pledgee, assignee of rents, secured creditor, or agent for any such entity, giving the name,

address, and telephone number of such entity, and the location of the court in which any

proceeding relating thereto is pending.  None of the Debtor's property is so held.

21.      Pursuant to Local Rule 1007-4(a)(x), the Debtor is required to set forth a

list of the premises owned, leased, or held under other arrangement from which it operates its

business.  As set forth above, the Debtor leases its offices and production facility.

22.      Pursuant to Local Rule 1007-4(a)(xi), the Debtor is required to disclose

the location of its substantial assets, the location of its books and records, and the nature,

location, and value of any assets held by the Debtor outside the territorial limits of the United

States.  The Debtor's primary assets are its accounts receivable and its machinery and

equipment and such assets are located at the Premises.  The Debtor's books and records also are

located at the Premises.  The Debtor has no property located outside of the United States.

23.    Pursuant to Local Rule 1007-4(a)(xii), the Debtor is required to set forth

a list of the nature and present status of each action or proceeding, pending or threatened,

against it or its property where a judgment against it or a seizure of its property may be

imminent.  No action or proceeding is pending against the Debtor.

24.    Pursuant to Local Rule 1007-4(a)(xiii), the Debtor is required to disclose

the names of the individuals who comprise its respective existing senior management, their

tenure, and a brief summary of their relevant responsibilities and experience.  As set forth

above, I am the President of the Debtor.  Lloyd Jacobsen, who is the Debtor's Secretary and

Treasurer, and I are responsible for and direct all operational, financial, and administrative

matters.

25.    Pursuant to Local Rule 1007-4(a)(xiv)-(xv)(A), the Debtor is required to

disclose the estimated amount of payroll to employees for the 30-day period following the filing

of its chapter 11 petition and the estimated amount to be paid to owners, directors, and financial

and business consultants retained by it.  The estimated amount of payroll to employees for the

30-day period is approximately $400,000 and the estimated amount of payroll to management for

the 30-day period is approximately $80,000.  Pursuant to Local Rule 1007-4(a)(xvi), the Debtor

also is required to disclose for the 30-day period following the filing of its chapter 11 petition, a

list of its estimated cash receipts and disbursements, net cash gain or loss, and obligations and

receivables expected to accrue that remain unpaid, other than professional fees.  The Debtor is

in the process of determining such information and will provide it to this Court in accordance

with Local Rule 1007-4(c).

Dated:  Maspeth, New York
       July 18, 2016

                                 /s/ Helge Halvorsen
                                 Helge Halvorsen,
                                 President

EXHIBIT A

Fill in this information to identify the case:

| | |
|---|---|
| Debtor name | **Nordic Interior, Inc.** |
| United States Bankruptcy Court for the: | **EASTERN DISTRICT OF NEW YORK** |
| Case number (if known): | |

☐ Check if this is an

amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Absolute Installations 14 White House Way Monroe Township, NJ 08831** | | **Trade Debt** | | | | **$198,061.33** |
| **Admat Construction Inc. 58-49 61st Street Maspeth, NY 11378** | | **Trade Debt** | | | | **$589,160.50** |
| **AJ-Bohea Co., Inc. 69-81 Sellers Street Unit 2 Kearny, NJ 07032** | | **Trade Debt** | | | | **$210,516.65** |
| **Bender Insurance Agency 365 Crossways Park Drive Woodbury, NY 11797** | | **Trade Debt** | | | | **$38,434.00** |
| **Bomboy Incorporated 1621 East Race Street Allentown, PA 18109** | | **Trade Debt** | | | | **$203,822.00** |
| **Con Edison JAF Station P.O. Box 1701 New York, NY 10116-1701** | | **Utilities** | | | | **$33,363.61** |
| **Daylight Dimension Millwork Installers Inc. 282 John Street Cliffside Park, NJ 07010** | | **Trade Debt** | | | | **$44,640.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                                                                 Best Case Bankruptcy

Debtor __Nordic Interior, Inc._____     Case number *(if known)* _____
        Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Giacomelli & Mazza, Inc.**<br>**7 Petra Drive**<br>**Morganville, NJ 07751** | | **Trade debt** | | | | **$34,971.75** |
| **JLH Industries, Inc.**<br>**241 Prospect Avenue**<br>**Hagerstown, MD 21742** | | **Trade Debt** | | | | **$193,234.00** |
| **Metal Morphosis, Inc.**<br>**P.O. Box 20612**<br>**Floral Park, NY 11002** | | **Trade Debt** | | | | **$69,914.10** |
| **National Woodwork Mfg.**<br>**950 Jennings Street Suite 3**<br>**Bethlehem, PA 18017** | | **Trade Debt** | | | | **$60,708.70** |
| **NY Dist. Council of Carpenters Benefit Fund**<br>**395 Hudson Street New York, NY 10014** | | **Union Benefits** | | | | **$107,864.82** |
| **NY Dist. Council of Carpenters Benefit Fund**<br>**395 Hudson Street New York, NY 10014** | | **Union Benefits** | | | | **$750,000.00** |
| **NYCDC Carpenters Welfare Fund**<br>**395 Hudson Street 9th Floor**<br>**New York, NY 10014** | | **Union Benefits** | | | | **$19,941.69** |
| **NYS Dept. Taxation & Fin.**<br>**Building 9**<br>**W A Harriman Campus**<br>**Albany, NY 12227** | | **Taxes** | | | | **$220,000.00** |
| **Rugby-Honerkamp LLC**<br>**500 Oak Point Avenue**<br>**Bronx, NY 10474** | | **Trade Debt** | | | | **$55,591.51** |
| **Sherwin-Williams Company**<br>**6 Curie Avenue**<br>**Wallington, NJ 07057** | | **Trade Debt** | | | | **$20,016.48** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

Debtor  **Nordic Interior, Inc.** _____    Case number *(if known)* _____
Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **The Door Stop, LLC 109 Kero Road Carlstadt, NJ 07072** | | **Trade Debt** | | | | **$34,667.48** |
| **Trade Supply Group 481 Washington Street New York, NY 10013** | | **Trade Debt** | | | | **$42,320.27** |
| **WoodPro 2 Installers Inc. 3182 Route 9 Suite 201 Cold Spring, NY 10516** | | **Trade Debt** | | | | **$364,965.00** |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

## CERTIFICATE OF CORPORATE RESOLUTIONS
## OF NORDIC INTERIOR, INC.

The undersigned, the President of Nordic Interior, Inc., a corporation organized under the laws of the state of New York (the "**Company**"), does hereby certify that the following resolutions were duly adopted by the Board of Directors of the Company (the "**Board**"), and they have not been modified or rescinded and are still in full force and effect on the date hereof:

RESOLVED, that, in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, employees, and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"); and it is further

RESOLVED, that the President and any other person designated and so authorized to act (each, an "**Authorized Officer**") on behalf of the Company be, and each hereby is, authorized, empowered, and directed, in the name and on behalf of the Company, to execute and verify a petition under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Eastern District of New York at such time as said Authorized Officer executing the petition shall determine; and it is further

RESOLVED, that the law firm of Rosen & Associates, P.C., 747 Third Avenue, New York, New York 10017-2803, is hereby employed as attorneys for the Company in the Company's chapter 11 case; and it is further

RESOLVED, that any Authorized Officer be, and each hereby is, authorized on behalf of the Company to execute and file all petitions, schedules, motions, lists, applications, and other papers and to take and perform any and all action which he/she may deem necessary or proper in connection with such proceedings under chapter 11 of the Bankruptcy Code; and it is further

RESOLVED, that any and all past actions heretofore taken by each Authorized Officer in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, confirmed and approved.

IN WITNESS WHEREOF, I have hereunto set my hand this 18th day of July 2016.

Nordic Interior, Inc.

By: _____
Helge Halvorsen,
President

# United States Bankruptcy Court
## Eastern District of New York

In re **Nordic Interior, Inc.**

Debtor(s)

Case No.

Chapter    **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Helge Halvorsen**<br>**c/o Nordic Interior, Inc.**<br>**56-01 Maspeth Avenue**<br>**Maspeth, NY 11378** | **Common** | **50%** | |
| **Lloyd Jacobsen**<br>**c/o Nordic Interior, Inc.**<br>**56-01 Maspeth Avenue**<br>**Maspeth, NY 11378** | **Common** | **50%** | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    **July 18, 2016**

Signature    **/s/ Helge Halvorsen**

**Helge Halvorsen**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Eastern District of New York

In re    __Nordic Interior, Inc.__ _____    Case No. _____

                                           Debtor(s)    Chapter    __11__ _____

# VERIFICATION OF CREDITOR MATRIX

       The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date:    __July 18, 2016__ _____      __/s/ Helge Halvorsen__ _____

                                              __Helge Halvorsen/President__
                                              Signer/Title

Date:    __July 18, 2016__ _____      __/s/ Sanford P. Rosen__ _____

                                              Signature of Attorney
                                              __Sanford P. Rosen (SR-4966)__
                                              __Rosen & Associates, P.C.__
                                              __747 Third Avenue__
                                              __Floor 20__
                                              __New York, NY 10017-2803__
                                              __(212) 223-1100   Fax: (212) 223-1102__

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

Absolute Installations
14 White House Way
Monroe Township, NJ 08831


ADCO Paper & Pkg Co., Inc
1109 Metropolitan Avenue
Brooklyn, NY 11211


Admat Construction Inc.
58-49 61st Street
Maspeth, NY 11378


AJ-Bohea Co., Inc.
69-81 Sellers Street
Unit 2
Kearny, NJ 07032


American Wood Installers
7 Arbutus Court
Commack, NY 11725


Anchin Block & Anchin LLP
135 Broadway
New York, NY 10018


Bender Insurance Agency
365 Crossways Park Drive
Woodbury, NY 11797


Bomboy Incorporated
1621 East Race Street
Allentown, PA 18109


Canon Financial Services,
Inc.
14904 Collections Center
Drive
Chicago, IL 60693-0149


Chase Card Services
P.O. Box 15153
Wilmington, DE 19886-5153

Con Edison
JAF Station
P.O. Box 1701
New York, NY 10116-1701


Connecticut Saw & Tool
140 Avon Street
Stratford, CT 06615-6704


Daylight Dimension
Millwork Installers Inc.
282 John Street
Cliffside Park, NJ 07010


DHB Advisors
377 Golf Drive
Oceanside, NY 11572


DynaLink Communications
Inc.
P.O. Box 3415
Church Street Station
New York, NY 10008


General Reproduction
Products
23 McKee Drive
Mahwah, NJ 07430


Giacomelli & Mazza, Inc.
7 Petra Drive
Morganville, NJ 07751


Hollow Metal Trust Fund
395 Hudson Street
New York, NY 10014


HUB Truck Rental Corp.
94 Gazza Blvd.
Farmingdale, NY 11735


Innovative Custom
 Contracting
50 S Emerson Avenue
Amityville, NY 11701

Internal Revenue Service
2 Metrotech Center
100 Myrtle Avenue
6th Floor Insovency
Brooklyn, NY 11201


JLH Industries, Inc.
241 Prospect Avenue
Hagerstown, MD 21742


Metal Morphosis, Inc.
P.O. Box 20612
Floral Park, NY 11002


National Woodwork Mfg.
950 Jennings Street
Suite 3
Bethlehem, PA 18017


Nix Restoration, Inc.
d/b/a Du-Well
1360 Garrison Avenue
Bronx, NY 10474


NY Dist. Council of
Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014


NY Dist. Council of
Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014


NYCDC Carpenters Welfare
Fund
395 Hudson Street
9th Floor
New York, NY 10014


NYS Dept. Taxation & Fin.
Building 9
W A Harriman Campus
Albany, NY 12227

NYS Dept. Taxation & Fin.
Building 9
W A Harriman Campus
Albany, NY 12227


Piano Finish
136 Remington Blvd.
Ronkonkoma, NY 11779


Premier Assignment Corp
P.O. Box 8000
Tallahassee, FL 32314-8000


Protech Composites Inc.
11700 NE  60th Way
Suite 3B
Vancouver, WA 98682-0808


Rex Lumber Company
P.O. Box 845425
Boston, MA 02284-5425


Richelieu
7021 Sterling Ponds Blvd.
Sterling Heights, MI 48312-5809


Rugby-Honerkamp LLC
500 Oak Point Avenue
Bronx, NY 10474


Sherwin-Williams Company
6 Curie Avenue
Wallington, NJ 07057


Tatco Installations, Inc.
58-18 64th Street
Maspeth, NY 11378-0131


The Door Stop, LLC
109 Kero Road
Carlstadt, NJ 07072


Trade Supply Group
481 Washington Street
New York, NY 10013

Twentieth Century
P.O. Box 853
Bellmore, NY 11710


Veneer One
3415 Hamptons
Oceanside, NY 11572


WoodPro 2 Installers Inc.
3182 Route 9
Suite 201
Cold Spring, NY 10516


Woodwork Detailers
 Group LLC
395 Stratford Road
Apt C1
Brooklyn, NY 11218


XO Communications
14239 Collections
  Center Drive
Chicago, IL 60693

# United States Bankruptcy Court
### Eastern District of New York

In re  **Nordic Interior, Inc.**                                        Case No.

                                                    Debtor(s)          Chapter      **11**


### CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)


Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for    **Nordic Interior, Inc.**    in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:



■ None [*Check if applicable*]




July 18, 2016                                      **/s/ Sanford P. Rosen**
Date                                              **Sanford P. Rosen (SR-4966)**
                                                   Signature of Attorney or Litigant
                                                   Counsel for   **Nordic Interior, Inc.**
                                                   **Rosen & Associates, P.C.**
                                                   **747 Third Avenue**
                                                   **Floor 20**
                                                   **New York, NY 10017-2803**
                                                   **(212) 223-1100 Fax:(212) 223-1102**
                                                   **srosen@rosenpc.com**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NEW YORK

## STATEMENT PURSUANT TO LOCAL
## BANKRUPTCY RULE 1073-2(b)

**DEBTOR(S):**   Nordic Interior, Inc.                    **CASE NO.:** _____

Pursuant to Local Bankruptcy Rule 1073-2(b), the debtor *(or any other petitioner)* hereby makes the following disclosure concerning Related Cases, to the petitioner's best knowledge, information and belief:

[NOTE: Cases shall be deemed "Related Cases" for purposes of E.D.N.Y. LBR 1073-1 and E.D.N.Y. LBR 1073-2 if the earlier case was pending at any time within eight years before the filing of the new petition, and the debtors in such cases: (i) are the same; (ii) are spouses or ex-spouses; (iii) are affiliates, as defined in 11 U.S.C. § 101(2); (iv) are general partners in the same partnership; (v) are a partnership and one or more of its general partners; (vi) are partnerships which share one or more common general partners; or (vii) have, or within 180 days of the commencement of either of the Related Cases had, an interest in property that was or is included in the property of another estate under 11 U.S.C. § 541(a).]

■ NO RELATED CASE IS PENDING OR HAS BEEN PENDING AT ANY TIME.

☐ THE FOLLOWING RELATED CASE(S) IS PENDING OR HAS BEEN PENDING:

1. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          [*If closed*] Date of closing:_____

 CURRENT STATUS OF RELATED CASE: _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

 MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

2. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          [*If closed*] Date of closing:_____

 CURRENT STATUS OF RELATED CASE: _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

 MANNER IN WHICH CASES ARE RELATED (*Refer to NOTE above*): _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN SCHEDULE "A" OF RELATED CASE: _____

3. CASE NO.:_____ JUDGE:_____ DISTRICT/DIVISION:_____

CASE STILL PENDING (Y/N):_____          [*If closed*] Date of closing:_____

(OVER)

DISCLOSURE OF RELATED CASES (cont'd)

CURRENT STATUS OF RELATED CASE: _____
                                    (Discharged/awaiting discharge, confirmed, dismissed, etc.)

MANNER IN WHICH CASES ARE RELATED *(Refer to NOTE above)*: _____

REAL PROPERTY LISTED IN DEBTOR'S SCHEDULE "A" ("REAL PROPERTY") WHICH WAS ALSO LISTED IN
SCHEDULE "A" OF RELATED CASE: _____

*NOTE:* Pursuant to 11 U.S.C. § 109(g), certain individuals who have had prior cases dismissed within the preceding 180 days may not be eligible to be debtors. Such an individual will be required to file a statement in support of his/her eligibility to file.

TO BE COMPLETED BY DEBTOR/PETITIONER'S ATTORNEY, AS APPLICABLE:

I am admitted to practice in the Eastern District of New York (Y/N): ___**Y**___

CERTIFICATION (to be signed by pro se debtor/petitioner or debtor/petitioner's attorney, as applicable):

I certify under penalty of perjury that the within bankruptcy case is not related to any case now pending or pending at any time, except as indicated elsewhere on this form.

**/s/ Sanford P. Rosen**
_____
**Sanford P. Rosen (SR-4966)**
Signature of Debtor's Attorney
**Rosen & Associates, P.C.**
**747 Third Avenue**
**Floor 20**
**New York, NY 10017-2803**
**(212) 223-1100 Fax:(212) 223-1102**

_____
Signature of Pro Se Debtor/Petitioner

_____
Signature of Pro Se Joint Debtor/Petitioner

_____
Mailing Address of Debtor/Petitioner

_____
City, State, Zip Code

_____
Area Code and Telephone Number

Failure to fully and truthfully provide all information required by the E.D.N.Y. LBR 1073-2 Statement may subject the debtor or any other petitioner and their attorney to appropriate sanctions, including without limitation conversion, the appointment of a trustee or the dismissal of the case with prejudice.

NOTE: Any change in address must be reported to the Court immediately IN WRITING. Dismissal of your petition may otherwise result.